**Charles F. SWANICK, Jr., Appellant,**

v.

**Joanne B. BARNHART, Commissioner of the Social Security Administration, Appellee.**

**Docket No. 02–6134.**

United States Court of Appeals, Second Circuit.

May 7, 2003.

William C. Bernhardi, West Seneca, NY, for Appellant Charles F. Swanick, Jr., for Appellant.

Andrea Lechleitner, Assistant Regional Counsel, Social Security Administration (Lisa de Soto, General Counsel, Social Security Administration, Barbara L. Spivak, Chief Counsel–Region II, on the brief) for Appellee JoAnne B. Barnhart, for Appellee.

Present: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Charles F. Swanick, Jr. appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*) affirming the Commissioner of Social Security's decision to deny his claim for Social Security disability benefits. On appeal, Swanick challenges the district court's affirmance on the ground that the denial of benefits was unsupported by "substantial evidence" under 42 U.S.C. § 405(g).

The only dispute between the parties involves whether substantial evidence supported the ALJ's finding that Swanick had a residual functional capacity sufficient to perform certain types of sedentary work requiring limited head and neck movement. The Administrative Law Judge based his findings on the medical opinions of specialists in orthopedic surgery, spinal care, and rehabilitative medicine who had treated Swanick from July 1996 to June 1998, and he gave less weight to the medical opinion of Dr. Saxena who treated Swanick from March to October 1998. Swanick argues that Dr. Saxena was the only physician to include his back-related ailments in his medical opinion and that the medical opinions upon which the ALJ relied focused only on Swanick's neck-related restrictions. Based on the content of the medical opinions upon which he relied, however, the ALJ found that these doctors "were aware of back complaints." Nothing in the record suggests that an orthopedic specialist in spinal care would fail to consider back-related ailments in a patient complaining of Swanick's symptoms or would fail to treat the neck and the back as interrelated.

404

Nor was the ALJ under an affirmative obligation to develop the record in this case. The ALJ's findings were not based on unsupported lay opinion, but were well supported by the diagnoses of Swanick's treating physicians. *See Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir.1998) There were no clear gaps in the medical record. *See Rosa v. Callahan,* 168 F.3d 72, 79–80 (2d Cir.1999). The ALJ merely "cho[se] between properly submitted medical opinions." *See McBrayer v. Secretary of Health and Human Servs.,* 712 F.2d 795, 799 (2d Cir.1983) (internal quotation marks and citation omitted). We have considered appellant's other arguments, and we consider them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**